The Chancellor.
The bill in this case is filed by the husband for a divorce, on the charge of Adultery. The wife lias put in an answer denying the adultery; and has filed her petition for alimony during the suit and for a reasonable allowance for counsel fees and expenses, to enable her to defend the suit. The answer and petition are both under oath. Our statute provides that answers to bills for divorce shall not be under oath. But on application by tlie wife for alimony pendente lite and an allowance to enable her to defend the suit, when tlie bill is filed by the husband and charges adultery, the oath of the wife denying the charge of adultery seems to be required, to entitle her to alimony and allowance. I think the correct practice would be, to file the answer without oath, and to introduce into the petition for alimony a distinct denial of the adultery, and swear to the petition. I shall consider the adultery as sufficiently denied in this case.
The defendant is entitled to alimony pendente lile, and to a reasonable allowance to enable her to defend the suit; 2 Page 109; 3 John’s Ch. 519; 1 Page 83; 2 do. 621.
The Court sometimes fixes the alimony without a reference, where affidavits on both sides have been presented for the purpose of enabling the Court to fix the amount. It has not been done in this case, and there must, therefore, be a reference.
Order accordingly.